**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ANGELINA MONTEMURRO,

    Plaintiff,

  -vs-

                                                                Case No. 14-C-478

RICHARD O. SCHMIDT, JOOST KAP,
KIM KLUCK, MICHAEL BERNDT,
Dr. SHELDON WASSERMAN, DAVE ROSS,

    Defendants.

# DECISION AND ORDER

Angelina Montemurro requests leave to proceed *in forma pauperis* in connection with this lawsuit. The Court is skeptical of Montemurro's claim that she is unable to pay the filing fee in this case. 28 U.S.C. § 1915(a)(1). She owns a $300,000 home and receives $2,280 a month between unemployment and child support payments. Not surprisingly, however, Montemurro's mortgage payments are rather high, and as a result, her monthly expenses outpace her monthly income. Therefore, the Court will grant Montemurro's motion to proceed IFP.

However, Montemurro's complaint is seemingly frivolous, and it definitely fails to state any plausible claims for relief. § 1915(e)(2). It is, essentially, a rather prolix discussion pertaining to issues arising out of her employment as a doctor working for United Hospital System. Montemurro claims that she is a federal informant, and that UHS retaliated against her for working to expose organized crime in Kenosha. She then cites a lengthy series of state and federal statutes, some civil,

some criminal. The Court cannot discern any actionable claims out of Ms. Montemurro's diatribe (for example, while Montemurro states that her employment was terminated, she does not claim that she was terminated for a reason that is prohibited under federal law). Additionally, her complaint appears to be some sort of collateral attack upon an ongoing civil proceeding in Kenosha County Circuit Court, *Montemurro v. United Hospital System*, Case No. 2012CV002530. Obviously, Montemurro is not entitled to relief in this Court with respect to adverse state court rulings. *See, e.g., Lim v. Courtcall, Inc.*, Nos. 11-C-748, 11-C-866, 2011 WL 5825899, at *1 (E.D. Wis. Nov. 17, 2011) (a complaint should be dismissed as frivolous if it "lacks arguable basis either in law or fact;" a frivolous claim is one that "no reasonable person could suppose to have any merit;" a complaint should also be dismissed if it "fails to include sufficient facts to state a claim for relief that is plausible on its face") (citing cases).

Therefore, Montemurro's motion for leave to proceed IFP [ECF No. 3] is **GRANTED**. This matter is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2014.

                                                **BY THE COURT:**

                                                *[signature]*
                                                **HON. RUDOLPH T. RANDA**
                                                **U.S. District Judge**